**\*AMENDED**                                           **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3230
_____

RICKY MILLER,
                          Appellant

v.

NEW JERSEY DEPARTMENT OF CORRECTIONS; GEORGE HAYMAN,
Commissioner NJDOC; LYDELL SHERRER, Administrator Northern State Prison;
NINA MUSE, NJDOC; JENNIFER HENDRICKS, Administrator of Interstate
Agreement on Detainers; LIEUTENTANT ALAIMO; CATHERINE LEWIS, NSP
Classification Officer; PIKE COUNTY, PA DISTRICT ATTORNEY OFFICE;
DOUGLAS JACOBS, Pennsylvania District Attorney; RAY TONKINS, Assistant
District Attorney; BRUCE DESARRO, Assistant District Attorney; PEGGY SUE
GOBLE, Secretary DA Office; FRANK ORLANDO, PSP; EDWARD MCCARTHY,
PSP; JOHN DOE(S) (Fictitious Names, Real Names Unknown); G. SMITH; DONNA
SWEENEY ELROSE; SUSAN MEIRER

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-08-cv-03335)
District Judge:  Honorable Stanley R. Chesler

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 14, 2020

Before:  AMBRO, GREENAWAY, JR. and PORTER, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 1, 2020)

OPINION*

PER CURIAM

Pro se appellant Ricky Miller appeals the District Court's judgment in this prisoner-civil-rights case. For the reasons set forth below, we will affirm.

During the time relevant to this case, Miller was serving a 20-year sentence for robbery and other offenses in a New Jersey prison. Miller was then charged with additional offenses, separately, in Monroe County (Pennsylvania) and Pike County (Pennsylvania), and detainers for each proceeding were lodged against him. On May 12, 2006, Miller signed a request for disposition of the state charges under Article III of the Interstate Agreement on Detainers (IAD). See N.J. Stat. Ann. § 2A:159A-3; 42 Pa. Const. Stat. § 9101. For reasons that are not clear, Pike County subsequently issued its own written request for temporary custody of Miller under Article IV of the IAD. See N.J. Stat. Ann. § 2A:159A-4; 42 Pa. Const. Stat. § 9101. Eventually, Frank Orlando and Edward McCarthy, Pennsylvania state troopers, came to the New Jersey prison to transport Miller to Pike County to stand trial. There was a dispute between Miller and the troopers, which resulted in Orlando's punching Miller in the face.

In Miller's operative second amended complaint, he raised several claims

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

concerning the alleged assault. He also alleged that prison employees violated his rights under the IAD. He named as defendants the state troopers, corrections officers from the New Jersey prison, and prison administrators in both New Jersey and Pennsylvania.

The District Court granted three partial motions for summary judgment. See ECF Nos. 117, 193, and 233. The case went to trial on a single issue: whether Troopers McCarthy and Orlando used excessive force against Miller in violation of his constitutional rights. The District Court granted judgment to McCarthy under Fed. R. Civ. P. 50(a), and the jury found that Orlando did not use excessive force. See ECF No. 343.[1] Miller filed a timely notice of appeal. In this Court, he has filed a motion to withdraw the appeal as to Frank Orlando, Edward McCarthy, and Jennifer Hendricks.

We have jurisdiction under 28 U.S.C. § 1291. At the outset, we note that we will consider only those issues that Miller raised in his opening brief. See Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994) ("An issue is waived unless a party raises it in its opening brief, and for those purposes a passing reference to an issue will not suffice to bring that issue before this court." (quotation marks, alteration omitted); Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (noting that pro se litigants "must abide by the same rules that apply to

---

[1] The District Court appointed counsel to represent Miller during some of the pretrial proceedings and at trial.

all other litigants").[2]

We understand Miller to raise two claims, neither of which has merit. First, he argues that the District Court erred in granting summary judgment to the defendants on his claim that his rights under the IAD were violated when he was transferred without receiving a pretransfer hearing. We review this ruling de novo. See Smith v. City of Allentown, 589 F.3d 684, 689 (3d Cir. 2009). While Miller argues at some length that he was transferred pursuant to Article IV of the IAD, the District Court ruled that the Pennsylvania Court of Common Pleas had already held that the proceedings were governed by Article III and that the doctrine of issue preclusion prevented it from reconsidering the issue. Miller did not challenge the issue preclusion ruling in any way in his opening brief,[3] and has therefore waived any such argument. See, e.g., Laborers' Int'l Union of N. Am., AFL-CIO, 26 F.3d at 398. This is fatal to Miller's claim, because he had no right to a pretransfer hearing under Article III. See Cuyler v. Adams, 449 U.S. 433, 445 (1981); see also N.J. Stat. Ann. § 2A:159A-3; 42 Pa. Const. Stat. § 9101

---

[2] Thus, although Miller listed several orders in his notice of appeal, we will consider only those arguments that he raised in his opening brief. We note also that Miller initially argued that there was insufficient evidence to support the jury's verdict in favor of Orlando, but since he later asked to withdraw his appeal as to Orlando, we will not address this claim, either.

[3] Miller does present a complicated factual argument against preclusion in his reply brief. However, he did not raise this argument in the District Court, and we decline to consider this argument for the first time on appeal. See Gass v. V.I. Tel. Co., 311 F.3d 237, 246 (3d Cir. 2002).

(Article III(e)).  Accordingly, Miller is entitled to no relief as to this claim.

Next, Miller argues that the District Court erred in excluding the trial testimony of his proposed expert witness, Dr. James McMenamin.  See ECF No. 324.  We review this decision for abuse of discretion.  See In re Zoloft (Sertraline Hydrochloride) Prods. Liab. Litig., 858 F.3d 787, 792 n.22 (3d Cir. 2017).  Dr. McMenamin, a dentist, provided a one-and-a-half-page report in which he connected Miller's loss of teeth to his altercation with McCarthy and Orlando.  However, in a deposition, Dr. McMenamin acknowledged that neither his examination of Miller—which occurred ten years after the incident—nor the dental records he reviewed revealed the cause of the tooth loss.  See ECF No. 316-3 at 6, 10.  Instead, it appears that he primarily based his conclusions on Miller's statements to him, and even his discussion with Miller was incomplete, as he did not ask Miller why he had needed to have three teeth extracted before the incident.  See id. at 7. In these circumstances, the District Court did not abuse its discretion in determining that Dr. McMenamin's testimony was too speculative to be reliable.  See In re Zoloft, 858 F.3d at 792–93, 800; Schneider ex rel. Estate of Schneider v. Fried, 320 F.3d 396, 404 (3d Cir. 2003).[4]

Accordingly, we will affirm the District Court's judgment.  *We grant Miller's

---

[4] Miller seems also to claim that two officers from the New Jersey prison failed to protect him from Troopers Orlando and McCarthy, but he presented no evidence that those officers had any reason to anticipate that there would be an altercation or were deficient in their response.  See generally Farmer v. Brennan, 511 U.S. 825, 834, 837 (1994); Smith v. Mensinger, 293 F.3d 641, 650–51 (3d Cir. 2002); ECF No. 173-3 at 12.

motion to the extent that it requests to withdraw the appeal as to Orlando, McCarthy, and Hendricks; to the extent that it requests any other relief, it is denied.